UNITED STATES DISTRICT COURT
for the Southern District of New York

EVRIHOLDER PRODUCTS, LLC

Plaintiff,

vs.

DANIEL MUNSORK KANG, a sole proprietorship and DANIEL MUNSORK KANG, individually

Defendant

Case No.: 1:20-cv-03553-KPF

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Pursuant to a Stipulation for Entry of Consent Judgment and Permanent Injunction jointly filed by Plaintiff Evriholder Products, LLC ("Plaintiff") and Defendants Daniel Munsork Kang, a sole proprietorship and Daniel Munsork Kang, individually (each a "Defendant", and collectively, "Defendants") (all collectively, "the Parties"), the Court hereby Orders, Adjudges and Decrees that a judgment and an injunction shall be entered in this matter in accordance with the following.

**I.   CONSENT JUDGMENT:**

The Parties each having the wherewithal to fully litigate their respective claims and defenses have resolved their differences and have consented to the following judgment:

1. On May 26, 2020, Plaintiff filed this lawsuit alleging a cause of action against Defendants for willful patent infringement of U.S. Patent No. 9,534,365 ("the '365 Patent"), under 35 U.S.C. §§ 271(a) and 271(b). Dkt. #. The '365 Patent was issued on January 3, 2017 and is entitled "Drain Chain Systems and Methods for Cleaning Drains." Exhibit A to Complaint (Dkt. #11-1).

2. On June 4, 2020, Plaintiff filed an Amended Complaint against Defendants alleging trade dress infringement, unfair competition and false designation of origin, all in violation of 15 U.S.C. § 1125(a), and related state law governing unfair competition, and state common law governing trade dress infringement. (Dkt #14)

3. This Court has jurisdiction over the subject matter of Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121. This Court has personal jurisdiction over Defendants because

     Defendants has transacted business and committed tortious acts within the boundaries of the Court's jurisdiction as alleged in the Complaint. Dkt. ##14, ¶¶ 3-6. There is no dispute that the Court has jurisdiction over this matter and over the Parties.

4. Plaintiff has standing to assert its claim of willful patent infringement, trade dress infringement, false designation of origin and unfair competition against Defendants by virtue of its exclusive license of the '365 Patent and certain trade dress from the owners of the '365 Patent, Gifford L. Briggs and Jennifer Briggs (the "Giffords"), and from Washroom Décor, LLC ("WD", a company controlled and managed by the Giffords) with rights in and to certain trademarks, including the Five-Petal Flower Trade Dress. Dkt. #14, ¶¶ 12-14. There is no dispute that Plaintiff has standing to bring this lawsuit.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Dkt.# 14, ¶7.

6. The product at issue in this lawsuit is a strainer for plumbing drains manufactured for, offered for sale, and sold and imported by Kang in the United States under the trademark ECOTREES®, and in particular on Amazon.com under the product name ECOTREES Sunflower Shape Disposable Drain Hair Catcher, Drain Clog Remover, Hair Cleaning Chain (ASIN # B07P9KCBQL), as depicted in Exhibits G and H to Plaintiff's Complaint (Dkt. #s 14-7,15) ("the Accused Product").

7. The salient allegations of Plaintiff's Complaint in this lawsuit are that the Defendants allegedly sold the Accused Product in a manner that willfully infringed at least Claim 1 of the '365 Patent and trade dress for a Five-Petal Flower design.

8. The '365 Patent has not been shown to be invalid or unenforceable.

9. WD is the owner of trade dress associated with the distinctive, nonfunctional, and ornamental designs, including a Five-Petal Flower design.

10. By virtue of its importation, offering for sale, and sale in the United States of the Accused Product, Kang has infringed the '365 Patent.

11. By virtue of its sales and advertising of Accused Product in the United States, Defendants have infringed WD's trade dress rights associated with a Five-Petal Flower design under federal and state law.

## II. PERMANENT INJUNCTION

Pursuant to entry of this Consent Judgment and Permanent Injunction, the Court Orders, Adjudges, and Decrees that a permanent injunction shall be and hereby is entered against Defendants in this case as follows:

12. Pursuant to 35 U.S.C. § 283, each Defendants, and any of a Defendant's parents, subsidiaries, agents, employees, predecessors-in-interest, and successors-in-interest are hereby restrained and enjoined from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, making, using, selling, offering to sell, and/or importing into the United States any product not already sold into commerce to date for the remaining life of the '365 Patent, or a design of confusingly similar to the Five-Petal Flower Trade Dress.

13. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its entry by the Court.

14. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendants.

## III. NO APPEALS AND CONTINUING JURISDICTION

15. The Parties have consented to waive and/or forfeit any right to appeal this Judgment and Permanent Injunction.

16. The Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Judgment and Permanent Injunction.

## IV. FEES AND COSTS

17. Except as expressly noted above, each party shall bear its own attorney fees and costs.

IT IS SO ORDERED, ADJUDGED AND DECREED this 10th day of June 2020.   New York, New York

*Katherine Polk Failla*

Honorable Katherine Polk Failla
United States District Court Judge

Plaintiff is hereby ORDERED to serve this order on Defendant and file notice of such service on or before **June 19, 2020.**